IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03145-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

ALEJANDRO PADILLA-GARCIA,

Applicant,

v.

JUAN BALTAZAR, GEO Group, D.C.D.F.,

Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

Applicant, a detainee at an immigration detention facility in Aurora, Colorado, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).[1] As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document is deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue any claims in this action. Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) xx is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) xx is missing certificate showing current balance in prison account
(5) __ is missing required financial information

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

(6) __ is missing authorization to calculate and disburse filing fee payments
(7) __ is missing an original signature by the prisoner
(8) __ is not on proper form
(9) __ names in caption do not match names in caption of complaint, petition or habeas application
(10) xx other: motion and certificate are necessary only if $5.00 filing fee is not paid in advance.

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos.
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) xx other: Applicant must provide a clear statement of the specific facts that support the claim(s) he is asserting.

Applicant should include all relevant information in his cured application, including: his citizenship, when he entered the U.S., when and where he was taken into custody, how long he has been in custody, what specific legal process he has or has not been provided, whether he is subject to a final removal order and if so when the order issued, and any facts to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas

Corpus Action and Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 forms, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Applicant fails to cure all the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED July 15, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge